SHELLEY G. BRYANT, Bar No. 222925
AMANDA B. WHITTEN, Bar No. 251160
**BRYANT WHITTEN LLP**
8050 North Palm Avenue, Suite 210
Fresno, CA 93711
Telephone:   559.494.4910
Facsimile:   559.421.0369
Emails:      shelley@bwlaw.com
             amanda@bwlaw.com

Attorneys for Plaintiff
WESLEY LEE

MARGARET ROSENTHAL, Bar No. 147501
ELLEN SHADUR GROSS, Bar No. 123192
DAWN KENNEDY, Bar No. 252406
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA  90025-0509
Telephone:   310.820.8800
Facsimile:   310.820.8859
Emails:      mrosenthal@bakerlaw.com
             egross@bakerlaw.com
             dmbrown@bakerlaw.com

Attorneys for Defendant
SAINT-GOBAIN CONTAINERS, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESLEY LEE, | Case No. 1:13-cv-01638-LJO-GSA |
| Plaintiff, | Hon. Lawrence J. O'Neill |
| v. | **STIPULATION FOR PROTECTIVE ORDER REGARDING PRODUCTION OF CERTAIN DOCUMENTS AND ORDER THEREON** |
| SAINT-GOBAIN CONTAINERS, INC., a Delaware corporation, | |
| Defendants. | [Hon. Gary S. Austin] |
| | Complaint Filed: October 10, 2013<br>Trial Date: March 17, 2015 |

IT IS HEREBY STIPULATED AND AGREED by and between Wesley Lee ("Plaintiff") and Saint-Gobain Containers, Inc. ("SGC")[1] through their respective attorneys of record, that the following shall govern the handling of documents, deposition transcripts, and other materials filed, produced or otherwise disclosed in the above-captioned matter ("Case Material").  Plaintiff and SGC are each a "Party" and are jointly referred to as "Parties."

1. Designation of Confidential Material.

(a) Case Material may be designated as confidential when the designating Party in good faith believes it reflects or contains information that is protected by the right of privacy guaranteed by applicable state and federal law, the California Constitution or the United States Constitution (including, but not limited to, any SGC personnel and/or employee disciplinary records obtained from any source), or reflects, contains or constitutes personal or medical information of the Parties or their employees that is protectable under California or other applicable law ("Confidential Material").  The Parties may designate Case Material of a highly confidential and/or proprietary nature as "Attorneys' Eyes Only" ("Attorneys' Eyes Only Material").

(b) Designation of any Confidential Material shall be made by placing or affixing on the document or other material in a manner which will not interfere with its legibility the word "CONFIDENTIAL" or the words "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

(c) To the extent possible, the designation of Case Material as Confidential Material or Attorneys' Eyes Only Material shall be made prior to, or contemporaneously with, the production or disclosure of that material.  In the event that confidential Case Material is inadvertently not designated as Confidential Material, the receiving Party, upon notice from the originating Party, will designate and treat the material as Confidential Material from that point forward.  In the case of documents produced by a third party, any Party designating any such documents as Confidential Material or Attorneys' Eyes Only Material shall notify counsel of record for the Parties in writing within five business days after the production of the specific documents to be so designated by that Party.

---

[1] This protective order shall also apply to Ardagh Glass Inc., which recently acquired SGC.

- 2 -

STIPULATION FOR PROTECTIVE ORDER
REGARDING PRODUCTION OF CERTAIN
DOCUMENTS AND ORDER THEREON

2. <u>Deposition Transcripts and Videotapes</u>.

(a) Portions of depositions of a Party's present and former officers, directors, employees, agents, experts, and representatives shall be deemed Confidential Material or Attorney's Eyes Only Material if they are designated as such when the deposition is taken.

(b) Any portion of any deposition that uses or refers to Confidential Material or Attorney' Eyes Only Material shall automatically be deemed as such without the necessity of having counsel so designate.

(c) In addition to the above provisions, counsel for the Parties shall have 30 days from the date of receipt of any deposition transcript or videotape to designate any portion of such transcript or videotape as Confidential Material or Attorneys' Eyes Only Material.

3. <u>Scope of Protective Order</u>.

(a) Any Case Material designated as Confidential Material or Attorneys' Eyes Only Material under the Protective Order shall not be used or disclosed by the Parties or counsel for the Parties or any other persons receiving any such materials pursuant to the terms hereof (including persons identified in paragraphs 4 and 6 below) for any purposes whatsoever, other than preparing for and conducting the litigation in which the materials were disclosed (including appeals).

4. <u>Disclosure of Confidential Material</u>.

The Parties and counsel for the Parties shall not disclose or permit the disclosure of any Confidential Material under the Protective Order to any other person or entity, except that disclosures may be made as follows:

(a) Disclosure may be made to counsel (including in-house counsel) and employees of counsel for the Parties only to the extent that such persons have direct functional responsibility for the preparation and trial of the lawsuit (or any appeal therefrom). Any such employee to whom counsel for the Parties makes a disclosure shall be advised of, and shall be directed to comply with, the provisions of the Protective Order requiring, among other things, that the Confidential Material be held in confidence.

1    (b)    Disclosure may be made to parties and employees of a Party only to the extent that the Party believes in good faith that such employee is required to provide assistance in the conduct of the litigation.  Any such employees must be identified in writing to counsel for the other parties in advance of the disclosure of Confidential Material to such employees.  Any such person shall be advised by the disclosing Party of the Protective Order and shall be directed to comply with the provisions of the Protective Order requiring, among other things, that Confidential Material be held in confidence.

   (c)    Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents.  Prior to disclosure to any such court reporter or person engaged in making photocopies of documents, such person must be informed of and agree to be bound by the provisions of the Protective Order if the designating Party is SGC.  If the designating Party is Plaintiff, Plaintiff shall elect whether or not it will require that any such person agree to be bound by the provisions of the Protective Order before disclosure occurs.

   (d)    Disclosure may be made to consultants, investigators, or experts retained by counsel to provide assistance in the conduct of the litigation (hereinafter referred to collectively as "experts").  Prior to disclosure to any expert, such expert must be informed of and agree to be bound by the provisions of the Protective Order.

   (e)    Disclosure may be made to witnesses at deposition in the preparation and trial of the lawsuit.  Prior to disclosure to any witness, the witness must be informed of and agree to be bound by the provisions of the Protective Order requiring, among other things, that Confidential Material be held in confidence, if the designating Party is SGC..  If the designating Party is Plaintiff, Plaintiff shall elect whether or not it will require that the witness agree to be bound by the provisions of the Protective Order before disclosure occurs.  If Confidential Material is disclosed to a witness, and is so designated by the counsel disclosing the Confidential Material, unless the witness objects, a witness shall be deemed to have agreed to be subject to the Protective Order.

   (f)    Disclosure may be made to the Court, its secretaries, clerks and law clerks.

5. <u>Disclosure of Attorneys' Eyes Only Material</u>.

The Parties and counsel for the Parties shall not disclose or permit the disclosure of any Attorneys' Eyes Only Material to any other person or entity, except that disclosures may be made as follows:

(a) Disclosure may be made to counsel and employees of counsel for the Parties only to the extent that such persons have direct functional responsibility for the preparation and trial of the lawsuit (or any appeal therefrom). Any such employee to whom counsel for the Parties makes a disclosure shall be advised of, and shall be directed to comply with the provisions of the Protective Order requiring, among other things, that the Attorneys' Eyes Only Material be held in confidence.

(b) Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Prior to disclosure to any such court reporter or person engaged in making photocopies of documents, such person must be informed of and agree to be bound by the provisions of the Protective Order if the designating Party is SGC. If the designating Party is Plaintiff, Plaintiff shall elect whether or not it will require that any such person agree to be bound by the provisions of the Protective Order before disclosure occurs.

(c) Disclosure may be made to consultants, investigators, or experts retained by counsel to provide assistance in the conduct of the litigation (hereinafter referred to as "experts"). Prior to disclosure to any expert, such expert must agree to be bound by the provisions of the Protective Order.

(d) Disclosure may be made to witnesses at deposition in the preparation and trial of the lawsuit. Prior to disclosure to any witness, the witness must be informed of and agree to be bound by the provisions of the Protective Order requiring, among other things, that Attorneys' Eyes Only Material be held in confidence, if the designating Party is SGC. If the designating Party is Plaintiff, Plaintiff shall elect whether or not it will require that the witness agree to be bound by the provisions of the Protective Order before disclosure occurs. If Attorneys' Eyes Only Material is disclosed to a witness, and is so designated by the counsel

disclosing Attorneys' Eyes Only Material, unless the witness objects, a witness shall be deemed to have agreed to be subject to the Protective Order.

(e) Disclosure may be made to the Court, its secretaries, clerks and law clerks.

6. <u>Disclosure to Persons Other than Counsel and Parties</u>.

Each person given access to Confidential Material pursuant to paragraphs 4(c) through 4(e) and/or Attorneys' Eyes Only Material pursuant to paragraphs 5(b) through 5(d) shall be advised in advance that such Confidential Material and/or Attorneys' Eyes Only Material is being disclosed subject to the terms of the Protective Order.  Before being provided with a copy of any Confidential Material and/or Attorneys' Eyes Only Material, each such person shall be provided with a copy of the Protective Order entered on this Stipulation and shall execute a non-disclosure agreement in conformity with Attachment A of this Stipulation, except as otherwise provided.

7. Confidential Material or Attorneys' Eyes Only Material may not be disclosed to a business competitor of SGC.

8. <u>Possession and Security of Material</u>.

Except as provided in paragraphs 4 through 6, counsel for the Parties shall keep all materials designated as Confidential Material or Attorneys' Eyes Only Material which are received under the Protective Order secure within their exclusive possession and shall place such materials in a secure area.

Upon final disposition of the instant action (including any appeals) all Confidential Material and all Attorneys' Eyes Only Material, including all copies as defined in paragraph 10, shall be returned to the counsel for the Party that originally produced them within thirty (30) days, or by agreement, the non-disclosing Party may destroy all such documents or other media with Confidential Material and Attorneys' Eyes Only Material and counsel for the non-disclosing Party shall certify in writing that such destruction has occurred.  Until such time, all provisions of this Protective Order will remain in full force and effect, unless the Parties agree otherwise in writing.  This paragraph shall not be interpreted to require the return, disclosure or destruction of a Party's own documents, which includes materials which may reference Confidential Material or

1 Attorneys' Eyes Only Material, but are protected by the attorney-client privilege or work product
2 doctrine.

3       9.     <u>Subpoenas</u>.

4      If any Party is served with a subpoena requiring the served Party to produce the
5 originating Party's Confidential Material or Attorneys' Eyes Only Material, notice shall be given
6 to the originating Party promptly, and the originating Party shall take reasonable steps (with
7 which all Parties shall reasonably cooperate) to ensure that such materials are not disclosed.

8       10.    <u>Copies</u>.

9      All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to
10 collectively as "copies") of Confidential or Attorneys' Eyes Only Material, or any portion thereof,
11 shall be immediately affixed with the word "CONFIDENTIAL" or "CONFIDENTIAL –
12 ATTORNEYS' EYES ONLY," as appropriate, if these words do not already appear.

13       11.    <u>Use of Material in Litigation and Trial</u>.

14      This Protective Order is intended to facilitate the exchange of records and information in
15 discovery and to protect against the disclosure of Confidential Material and Attorneys' Eyes Only
16 Material to the extent permitted under law. The Parties expressly acknowledge that the Court has
17 the inherent authority to permit the use of documents at trial that have been designated by the
18 Parties as Confidential Material and Attorneys' Eyes Only Material, and to seal records filed with
19 the Court or to be used at trial upon the motion of either Party. Prior approval by the Court is
20 required before documents, motions or other court filings which may contain Case Material
21 designated as Confidential Material or Attorneys' Eyes Only Material may be filed under seal.
22 Under seal filings must comply with Local Rule 141.

STIPULATION FOR PROTECTIVE ORDER
REGARDING PRODUCTION OF CERTAIN
DOCUMENTS AND ORDER THEREON

12. <u>Privileged Documents</u>.

Nothing contained in this Protective Order hall require, or is intended to require, the production of privileged documents or to prevent a Party from withholding production on privilege grounds.

13. <u>Disagreement With Designation as Confidential Information</u>.

If a Party disagrees with another Party's "Confidential" or "Attorneys' Eyes Only" designation, the challenging Party must nevertheless abide by the same until the matter is resolved by agreement or by the Court.  There is no time limit for disputing any "Confidential" or "Attorneys' Eyes Only" designation.  If at any time a dispute with regard to a particular Confidential Information arises, the Parties shall meet and confer to resolve that issue within 10 court days of a written request to do so by the Party challenging such designation.  If the Parties cannot reach an agreement, the designating Party must move within twenty (20) days of the conclusion of the meet and confer for a ruling from the Court on the continued application of confidential treatment of such information.  The burden shall be on the designating Party to establish the confidential nature of this information.  The Parties may agree, in writing, to different times to perform the items in this paragraph, or such time may be modified on application to the Court upon a showing of cause.  This paragraph does not prevent a Party contesting confidentiality from filing a motion at any time permitted by applicable rules or statutes.

14. <u>Remedies</u>.

The Parties to this Stipulation agree that the United States District Court in and for the Eastern District of California shall have continuing jurisdiction over any and all disputes arising out of this Stipulation and Protective Order.  Any Party who violates the Protective Order will be subject to all available remedies, including, but not limited to, monetary sanctions.

STIPULATION FOR PROTECTIVE ORDER REGARDING PRODUCTION OF CERTAIN DOCUMENTS AND ORDER THEREON

| | | |
|---|---|---|
| 1 | Dated: April 18, 2014 | BAKER & HOSTETLER LLP |

*/s/ Dawn Kennedy*
MARGARET ROSENTHAL
ELLEN SHADUR GROSS
DAWN KENNEDY
Attorneys for Defendant
SAINT-GOBAIN CONTAINERS, INC.

Dated: April 18, 2014                     BRYANT WHITTEN LLP


*/s/ Amanda B. Whitten*
AMANDA WHITTEN
Attorney For Plaintiff
WESLEY LEE

I, Dawn Kennedy, attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's contents and have authorized the filing.

## **ORDER**

Upon a review of the above stipulation of the parties, it is hereby ordered that the Stipulation for Protective Order is GRANTED.

IT IS SO ORDERED.

Dated: **April 23, 2014**            **/s/ Gary S. Austin**
                           UNITED STATES MAGISTRATE JUDGE

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES